### HILL, FONTAINE & CO. vs. O. H. CHERRY.

GUNBY, J.    Where two things are sold together, a defect in one will not authorize the redhibition of both, unless they are so matched that their association enhances the value of each, such as match horses, a set of tools, etc.

2.    " Apparent defects " in horses are such as are visible on a simple inspection to a person of ordinary intelligence and experience; what would be apparent to one man would not be apparent to another, depending on the skill and knowledge of the observer.

3.    While it is the duty of the buyer to be *cautious*, it is the duty of the seller to be *candid;* fraudulent silence as to the existence of defects known to the seller makes him liable, even where there has been an express exclusion of all warranty.   C. C. 2504; 17 An. 48; 33 An. 1368; 13 Wallace, 383.

Where the sale is annulled, the buyer owes rent for the stock during the time he has used them.

---

### D. O'SULLIVAN vs. JAMES McGUIRE.

GUNBY, J.    The grounds for a sequestration, as provided by law, are much slighter than those for attachment; the latter requires facts which create and justify a reasonable *belief;* the former may be based upon circumstances which give rise only to a reasonable *fear*.

2.    Where a merchant furnishes supplies to make a crop, though without a contract that the cotton shall be turned over to him, may sequester, if he has good reasons to apprehend that the farmer is going to sell the cotton to another merchant with the promise to pay the proceeds over to the furnisher; the holder of a privilege has an interest in the thing, and the possessor of it cannot dispose of it against his wishes.

3.    A sequestration must be based upon the state of facts existing at the time of its issuance, but subsequent acts may be proved, in order to show what were the intentions of the party when the seizure was made; so, where defendant bonds the cotton sequestered, and sells it, and does not pay the proceeds, or any part thereof, to the merchant who supplied him, his conduct indicates that he never intended to satisfy the privileged debt, to which square dealing requires that he should devote the property after as well as before a seizure.

---

### JOSEPH CRAIG vs. P. JONES YORKE.   C. D. BENTON & CO., INTERVENORS.

CLINTON, J.    The privilege of the furnisher of supplies does not follow the property into the hands of third persons; privileges generally only affect the property of the debtor, and when he sells it, the privilege fails.